CHARLES J. SCHUCK, Judge.
Edwin S. Hershberger, the claimant, was injured on September 21,1940, by falling off the approach to a certain bridge that spans the north fork of the south branch of the Potomac, at and near the town of Circleville, in the county of Pendleton. The accident happened in the nighttime and resulted in a fracture of the left leg of claimant, by reason of which his left leg is shorter than his right leg by an inch to an inch and a half. He was confined in the hospital at Harrisonburg, Virginia, for about sixteen days, and he claims that he is now incapacitated from doing the work he was able to perform previous to the *53 time of the accident. He expended the sum of $150.00 in hospital and doctors’ bills. The point in the road where he fell is approximately from seven and one-half to ten feet above the level of the surrounding ground, and at or near a curve or bend in the road leading to the said bridge. There were no guardrails or barriers to protect the traveler at night, nor were there any lights of any kind to show him the way when traveling on the said road or approach to the bridge after dark. It is true that some attempt was made to show that the lights reflected from the windows and business places in Circlevifle some distance away might help the traveler at night, but this testimony was uncertain and does not aid us in the determination of the issues presented by this claim.
The claimant was traveling along said road as has been stated, in the nighttime, and seemed to be taking every precaution reasonably required of him. It is true that he didn’t have any light or lantern to assist him in finding his way, and that he had passed over this road at least on several occasions before. He was not, however, a resident of the community where the accident happened, but rather lived some six or seven miles from there, and occasionally came to the town of Circlevifle, at which time, however, he usually drove in his automobile. Since the new improved state highway located near the highway in question has been completed some four or five years ago, he testified that he has not used the road on which the accident happened until the night of September 21, 1940. We fail to find anywhere in the evidence that the claimant was guilty of any contributory negligence, and taking into consideration all the circumstances, as revealed by the evidence, we find that he was taking all the reasonable, necessary precautions that his duties as a traveler on the road at the time in question required of him. Barriers or guardrails had at one time been constructed along this road, but for some purpose not revealed in the evidence, had been removed; and since the state road commission took charge of the road after 1933, there have been no guardrails or barriers to protect the traveler on the road. That this condition was highly dangerous is evidenced further by the fact that several accidents have happened at and near *54 the point where claimant was injured. A truck went over the abutment near this point, and on several occasions cattle have fallen off the approach to the bridge to the nearby ground. Claimant had the lawful right to be on the said road at the time in question, and we hold that the proximate cause of the injury was the failure of the state road commission to provide proper guardrails and barriers, especially so at the dangerous place where the accident happened, thereby rendering the said road and approach to the bridge unsafe for travel thereon either by day or by night.
We reaffirm the law as set forth in syllabi one and two in the claim of Charles Golden Fry v. State Road Commission, and hold that the law there announced specifically applies to the instant case. And we find further that the claimant was not guilty of any contributory negligence such as would have tendency to deny or lessen an award to be made.
For several years past, claimant has been earning about $18.00 per month, together with his board and laundry, as a farm employee; all of which would probably mean an income of about $60.00 per month in some other occupation. He also maintains in his testimony that he could earn more if he was not handicapped and incapacitated by the injuries caused by the accident. He is forty-eight years of age and from appearances and the general condition of his health, would seem to have an earning power for some years to come.
Considering all the evidence and circumstances adduced, we are of the opinion that the'claimant is entitled to an award of two thousand dollars, ($2,000.00) and so recommend to thr' Legislature at its next session. We further recommend thai the said amount, so found as damages, be paid to the said claimant upon the execution of a full and complete release by him to the state and the state road commission for all damages occasioned by his injuries and brought about by the accident in question.